UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| KARSTEN O. ALLEN,   )<br>        Plaintiff,   )<br>   )<br>v.   )<br>   )<br>T. NORVELL,   )<br>        Defendant.   ) | **MEMORANDUM ORDER**<br>Civil Action No. 7:21cv00213<br><br>By: Pamela Meade Sargent<br>United States Magistrate Judge |

This matter is before the court on the plaintiff's Motion To Revoke Consent To Magistrate Judge, (Docket Item No. 41) ("Motion"). This prisoner civil rights case was transferred to the undersigned based on the consent of the parties on November 10, 2022. The court's records reflect that the plaintiff, Karsten O. Allen, returned a signed Notice To Parties Of Right To Consent To Jurisdiction Of United States Magistrate Judge form, ("Consent Form"), dated October 25, 2021. Counsel for the only remaining defendant, T. Norvell, returned a singed Consent Form dated October 28, 2022. The case was then transferred to the undersigned. Neither party objected to the Order to transfer the case. The plaintiff, on December 30, 2022, filed the Motion, seeking to revoke his consent more than a month after the case had been transferred.

Pursuant to 28 U.S.C. § 636(c)(1):

> Upon the consent of the parties, a full-time United States magistrate judge … may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts [she] serves.

Section 636(c)(4) states:

> The court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection.

The Motion gives no reasoning for why the plaintiff, after both parties consented and the case was transferred to the undersigned, seeks to "revoke" his consent to the transfer. That being the case, the court cannot find the good cause required to vacate the reference. *See Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987) (*cited in Muhammad v Fleming*, 29 F.4th 161, 165-667 (4th Cir. 2022) (once case is transferred to magistrate judge showing of good cause is required to vacate referral). In reaching the decision to deny the Motion, the court notes and has considered that referral to the magistrate will not likely cause any undue delay or inconvenience to the parties or witnesses or prejudice to the parties. *See Carter*, 816 F.2d at 1021. Nor does the undersigned know of any bias or prejudice on her part that would prevent her from ethically considering the plaintiff's claims. *See Carter*, 816 F.2d at 1021. While the plaintiff is acting pro se, the court has no evidence that the plaintiff's consent was not voluntary and uncoerced. *See Carter*, 816 F.2d at 1021.

Therefore, for the above-stated reasons, the Motion is **DENIED**.

The Clerk's Office shall provide a copy of this Memorandum Order to all counsel of record and unrepresented parties.

**ENTERED**: January 5, 2023.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE